Donald L. Gaffney (#005717)
Eric S. Pezold (#023402)
Jasmin Yang (#024036)
Andrew A. Harnisch (#024957)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-Mail: dgaffney@swlaw.com
epezold@swlaw.com
jyang@swlaw.com
aharnisch@swlaw.com
Attorneys for Covenant Christian Center International, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>COVENANT CHRISTIAN CENTER INTERNATIONAL, INC.,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 2:06-bk-02386-CGC |
| COVENANT CHRISTIAN CENTER INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGES LTD., an Arizona mortgage broker; MORTGAGES LTD. SECURITIES, L.L.C., an Arizona limited liability corporation; and NEW HOPE PARTNERS, L.L.C., an Arizona Limited liability corporation,<br><br>Defendants. | Adversary No. 2:07-ap-00055-CGC<br><br>**MOTION TO COMPEL LETICIA RITTER'S ANSWERS TO DEPOSITION QUESTIONS** |

2053330

Covenant Christian Church International, Inc. ("Covenant Church"), by and through its undersigned counsel, hereby respectfully requests that this Court enter an order: (1) compelling Leticia Ritter to respond to questions concerning Mortgages Ltd.'s factual basis for statements contained in its Answer to the Third Amended Complaint; and (2) imposing sanctions under Federal Rule of Civil Procedure 37(a)(4)(A) against Mortgages Ltd. in the form of attorneys' fees incurred in filing this Motion to Compel. During Ms. Ritter's deposition on September 25, 2007, counsel for Mortgages Ltd. refused to allow Ms. Ritter to respond to questions concerning the factual basis for certain statements in Mortgages Ltd.'s Answer in contravention to Federal Rule of Civil Procedure 30(d)(1). This Application is supported by the accompanying Memorandum of Points and Authorities and all pleadings and papers of record, all of which are incorporated herein by this reference.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **FACTUAL BACKGROUND**

1. On August 3, 2006, Covenant Church filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On August 21, 2007, Covenant Church filed its Third Amended Complaint (the "Complaint") in this adversary proceeding.

3. On August 24, 2007, Mortgages Ltd. filed its Answer (the "Answer") to the Third Amended Complaint.

4. On August 24, 2007 Covenant Church issued a "Notice of Deposition of Rule 30(b)(6) Representative of Mortgages Ltd." requesting that a Mortgages Ltd. representative familiar with the statements in the Answer appear for deposition (*see* docket entry no. 53).

5. On or about August 24, 2007, counsel for Mortgages Ltd. identified Leticia Ritter as Mortgages Ltd.'s Rule 30(b)(6) representative with respect to the allegations concerning events that took place following the default of the loan transaction at issue.

2053330

6. During Ms. Ritter's September 25, 2007 deposition, counsel for Mortgages Ltd. refused to allow Ms. Ritter to respond to the Covenant Church's questions concerning the factual basis for Mortgages Ltd.'s denial of several of the allegations of the Complaint.[1]

7. Counsel for Mortgages Ltd. stated that the response to Covenant Church's questions concerning the basis for the denial of certain allegations was that the "documents speak for themselves" and that he was refusing to allow Ms. Ritter to respond to those questions, asserting that the Covenant Church's questions were in the nature of being repetitive, harassment, and an effort at a delay tactic.

8. Counsel for Covenant Church has maintained that the refusal to permit Ms. Ritter to answer the questions was inappropriate because (1) Ms. Ritter has been designated by Mortgages Ltd. as having knowledge concerning the factual basis for the statements contained in Mortgages Ltd.'s Answer; and (2) the questions Covenant Church asked Ms. Ritter were not ones she was permitted to refuse to answer under Federal Rule of Civil Procedure 30.

9. Counsel for Covenant Church attempted to contact the Court during a break in the deposition to resolve this matter, but was informed that the Court was not available on September 25, 2007.

10. Counsel for Mortgages Ltd. and Covenant Church both placed their objections concerning Ms. Ritter's testimony on the deposition record.

…

…

---

[1] Covenant Church is unable to provide the exact text of the questions counsel objected to during the September 25, 2007 deposition in accordance with Local Rule 9013-1 (f) because Covenant Church has not yet received the deposition Transcript for Ms. Ritter's September 25, 2007 deposition. Upon receipt of the transcript, Covenant Church will supplement this Motion with the exact text of the questions and objections. In light of the October 1, 2007 discovery cut-off date, Covenant Church is filing this Motion without references to the deposition transcript in order to preserve its right to compel Ms. Ritter's testimony.

2053330

## II.

## LEGAL ANALYSIS

**A. FEDERAL RULE OF CIVIL PROCEDURE 30(D) DOES NOT PERMIT MS. RITTER TO REFUSE TO ANSWER DEPOSITION QUESTIONS**

1. <u>Covenant Church's Questions Were Within the Permissible Scope of Discovery.</u>

The scope of discovery is relatively broad and permits parties to discover evidence that has a likelihood of leading to admissible evidence. Federal Rule of Civil Procedure 26(b)(1) states in part that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears to be calculated to lead to the discovery of admissible evidence."

Here, the questions which counsel for Mortgages Ltd. refused to allow Ms. Ritter to answer were inquiries that were relevant to the claims and defenses of the parties. Ms. Ritter has been specifically designated by Mortgages Ltd. as its Fed.R.Civ.P. 30(b)(6) representative having knowledge concerning the statements in the Answer. The purpose of Fed. R. Civ. P. 30(b)(6) is to allow an entity to locate and prepare a witness with the most knowledge concerning designated topics. *See J.C. v. Society of Jesus*, 2006 U.S. Dist. LEXIS 78584 at 19 (D. Ore. 2006). Accordingly, Ms. Ritter, as Mortgages Ltd.'s Fed. R. Civ. P. 30(b)(6) representative, would ostensibly be the person with the most knowledge concerning the denials of the allegations in the Complaint as set forth in the Answer. There is no relevancy issue present since Covenant Church's allegedly objectionable questions asked about Mortgage's Ltd.'s factual basis for its statements contained in its Answer. When Covenant Church asked about the factual basis for Mortgages Ltd.'s denial of allegations in the Complaint, counsel for Mortgage's Ltd. stated that the documents spoke for themselves and that he was refusing to allow Ms. Ritter to respond to the questions.

. . . .

. . . .

2. <u>Fed. R. Civ. P. 30(d)(1) Permits Refusal to Answer Deposition Questions in Limited Situations, None of Which Are Present in this Instance.</u>

Counsel for Mortgages Ltd. impermissibly instructed Ms. Ritter to refuse to answer deposition questions because responses to those questions involve relevant information and the witness's refusal is not excused under Fed. R. Civ. P. 30(d)(1). Fed. R. Civ. P. 30(d)(1) states:

> Any objection during a deposition must be stated concisely and in a non-argumentative manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.

(emphasis added).

Fed. R. Civ. P. 30(d)(4) provides that if a party believes that the examination is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the deponent or party may apply to the court for a protective order under Fed. R. Civ. P. 26(c) and may suspend the deposition for the time necessary to make a motion for protective order. Furthermore, the proper procedure for handling questions that counsel believes should not be answered is to make a motion under Fed. R. Civ. P. 30(d) during the deposition to terminate or limit the deposition. *In re Barton Business Park Assoc.*, 118 B.R. 776, 779 (Bankr. E.D.Cal. 1990).

Here, none of the exceptions allowing witnesses to refuse to answer a deposition question are present. The testimony Covenant Church sought to elicit did not implicate any privilege concerns or any court-ordered limitations on discovery. Furthermore, at no point did counsel for Mortgages Ltd. indicate that he wished to make a motion to terminate or limit the deposition pursuant to Fed. R. Civ. P. 30(d)(4). Even assuming one were to regard the instruction to Ms. Ritter not to testify, combined with Mortgages Ltd.'s counsel's offer to call the Court during the deposition, as a motion to end or limit the deposition under Fed. R. Civ. P. 30(d)(4), in no way were Covenant Church's inquiries in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent.

2053330

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Covenant Church asked Ms. Ritter to describe the factual basis for Mortgages Ltd.'s denial of certain allegations of the complaint. Mortgages Ltd. is unable to make a showing that asking its Fed. R. Civ. P. 30(b)(6) witness (a person who it has chosen and identified as the person having personal knowledge concerning the statements in the Answer) for Mortgages Ltd.'s factual basis for the statements in its Answer is in bad faith or designed to annoy, embarrass, or oppress Ms. Ritter or Mortgages Ltd. The questions Ms. Ritter was instructed not to answer were reasonably calculated to lead to the discovery of admissible evidence and were made in good faith. Under Fed. R. Civ. P. 30(d)(1), Mortgages Ltd.'s refusal to allow Ms. Ritter to answer those questions is impermissible because this refusal does not involve the protection of a privilege, the compliance with court-ordered discovery limitations, or the preclusion of a harassing or burdensome line of questioning.

### B. THE COURT SHOULD IMPOSE SANCTIONS AGAINST MORTGAGES LTD. FOR MS. RITTER'S IMPERMISSIBLE REFUSAL TO ANSWER QUESTIONS

Fed. R. Civ. P. 37(a)(3) allows a party to compel responses following a deponent's failure or refusal to answer a question. Fed. R. Civ. P. 37(a)(4)(A) provides that upon the granting of a motion to compel, the Court may require the party whose conduct necessitated the motion to compel to pay for the expenses of filing the motion to compel, including the movant's attorneys' fees. The awarding of fees is justified in this situation because Mortgages Ltd.'s refusal to respond to questions at deposition was impermissible under Fed. R. Civ. P. 30(d)(1).

Courts interpreting Fed. R. Civ. P. 30(d)(1) similarly hold that the impermissible refusal to allow a witness to respond to deposition questions warrants requiring the deponent to reappear for deposition and the imposition of sanctions. *Hackett v. Segerblom.*, 2007 U.S. Dist. LEXIS 57454, 4 (D.Nev. 2007) (noting impermissibility of instructing witness not to answer, requiring the deponent to reappear, and awarding sanctions in the form of attorneys' fees); *J.C. v. Society of Jesus*, 2006 U.S. Dist. LEXIS 78584 (awarding costs and attorneys' fees as sanctions for improperly refusing to allow a deponent to answer questions and noting "Except when protecting

2053330

Case 2:07-ap-00055-CGC   Doc 68   Filed 10/01/07   Entered 10/01/07 15:36:52   Desc
Main Document    Page 6 of 9

a privilege, or in extraordinary circumstances …. Counsel cannot prevent witnesses from answering questions."); *Warfield v. Gardner*, 2006 U.S. Dist. LEXIS 54123 at 16-18 (D. Ariz. 2006) (citing Fed. R. Civ. P. 30(d)(1) and awarding costs and attorneys' fees for opposing counsel's improper termination of a deposition); *Shapiro v. Paul Revere Life Ins. Co.*, 1997 U.S. Dist. LEXIS 16286 at 3 (N.D.Cal. 1997) (granting attorneys' fees as sanction when counsel impermissibly refused to allow his client to answer questions concerning the interpretation of performance reports); *In re Barton Business Park Assoc.*, 118 B.R. at 779 (awarding attorneys' fees following counsel's impermissible refusal to allow his witness to answer a question and noting "A counsel who instructs a deponent not to answer a question on a ground other than privilege is on a perilous ground").

Similarly, Covenant Church requests that the Court require Ms. Ritter to reappear and answer questions counsel instructed her to refuse to answer and that the Court impose sanctions on Mortgages Ltd. for necessitating the filing of this Motion.

## III.

## CONCLUSION

For the foregoing reasons, Covenant Church respectfully requests that this Court enter an order: (i) compelling Ms. Ritter to appear at her deposition and respond to questions concerning the factual basis for Mortgages Ltd.'s statements in its Answer, and (ii) imposing sanctions in the form of attorneys' fees and costs incurred as a result of Ms. Ritter's refusal to respond to questions concerning the factual basis for Mortgages Ltd.'s denial of certain allegations of the Complaint.

. . . .

. . . .

. . . .

. . . .

. . . .

RESPECTFULLY SUBMITTED, this 1st day of October, 2007.

SNELL & WILMER L.L.P.


By  /s/ DG (#005717)
Donald L. Gaffney
Eric S. Pezold
Jasmin Yang
Andrew A. Harnisch
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Plaintiff Covenant Christian Center
International, Inc.

COPY of the foregoing served by U.S. Mail
or electronic notification this
1st day of October, 2007, to:

John R. Clemency
Todd Burgess.
Greenberg Traurig LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
E-Mail: clemencyj@gtlaw.com
        burgesst@gtlaw.com
Counsel for Mortgages Ltd.,
as Servicing Agent for New Hope Partners, L.L.C.


/s/ Janice L. Rogalla

2053330

**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 9013.-1**

Pursuant to Local Bankruptcy Rule 9013-1, the undersigned moving counsel certifies that, after personal consultation and sincere efforts to do so, counsel has been unable to resolve the matter which is the subject of this Application.

DATED, this 1st day of October, 2007.

SNELL & WILMER L.L.P.

By /s/ DG (#005717)
Donald L. Gaffney
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Plaintiff Covenant Christian Center International, Inc.